UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DANIELLE IRATCABAL, | Case No. 3:12-cv-00481-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | (Defs.' First Motion for Judgment on the Pleadings – dkt. no. 18) |
| STATE OF NEVADA, et al., | |
| Defendants. | |

I. **SUMMARY**

Before the Court is Defendants State of Nevada, ex rel Nevada Department of Corrections (the "NDOC"), Lisa Walsh, Jack Palmer, Adam Watson, Don Helling and Pam Del Porto's First Motion for Judgment on the Pleadings. (Dkt. no. 18.)

For the reasons set forth below, Defendants' motion is granted.

II. **BACKGROUND**

Plaintiff filed the Complaint in the First Judicial District Court of the State of Nevada, in and for Carson City on July 19, 2012. (Dkt. no. 1-1, Ex. A.) The Defendants removed the action to this Court. (Dkt. no. 1.) The facts and allegations in the Complaint are the following.

On February 23, 2010, Defendant Helling denied a grievance filed by Plaintiff that pointed out "ongoing sexism and nepotism which prevails within the [NDOC]" and proposed reform of the promotional process. The Employee Management Committee further dismissed the grievance on the ground that it could not reform the promotional

process at NDOC. On August 30, 2010, Plaintiff was transferred to a different facility pending an administrative investigation. On or about September 13, 2010, Plaintiff was given formal notice of an investigation and on November 18, 2010, was placed on involuntary administrative leave.

Plaintiff was served with a Specificity of Charges on February 3, 2010, which alleged that Plaintiff had "ordered inmates into the general population without following proper procedure. Plaintiff was terminated on February 28, 2011. She challenged her termination in an administrative hearing and prevailed. The hearing officer entered a reinstatement order on June 8, 2011. Plaintiff returned to work. The NDOC appealed the hearing officer's order to Nevada state court in July, 2011, and placed Plaintiff on involuntary administrative leave. Plaintiff was also docked 31 days of pay without a "notice of suspension" or a "meaningful opportunity" to be heard. In April 2012, the hearing officer's reinstatement order was affirmed and Plaintiff returned to work.

The Complaint also contains facts regarding Plaintiff's testimony at an administrative hearing for a correctional Lieutenant "terminated based upon alcohol usage." The Deputy Attorney General called Plaintiff before the hearing and discussed her testimony. The Deputy Attorney General learned that Plaintiff's testimony would favor the Lieutenant and passed that information to the individual defendants. Plaintiff testified and the Lieutenant was reinstated. The Lieutenant also brought a federal civil rights action related to his termination that was settled by Defendant Helling on August 27, 2010. Plaintiff was "associated with that action as a witness as well . . . ."[1]

Plaintiff brings the following claims: (1) First Amendment retaliation claim pursuant to 42 U.S.C. § 1983; (2) Fourteenth Amendment due process claim pursuant to 42 U.S.C. § 1983; (3) the previous claims "by implication under Nevada state law"; and (4) tortious discharge against the State of Nevada. (See dkt. no. 1-a, Ex. A at 5.) Plaintiff

---

[1] It is not clear to the Court why Plaintiff included these facts in the Complaint as she does not connect them to her claims.

seeks monetary damages, declaratory relief that her rights have been violated and injunctive relief "removing the adverse employment actions." (*Id.*) Defendants filed an Answer (dkt. no. 5) and now bring this First Motion for Judgment on the Pleadings seeking to dismiss the Complaint (dkt. no. 18).

## III.  LEGAL STANDARD

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings utilizes the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988) (citations omitted). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is

liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## IV. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

#### 1. Eleventh Amendment Immunity

The motion for judgment on the pleadings states that "[n]early all of the claims are barred by Eleventh Amendment immunity as to [the Defendants]." (Dkt. no. 18 at 3-4.) Defendants do not expand on this argument in either their motion or their reply. However, sovereign immunity under the Eleventh Amendment is a jurisdiction issue and one that may be addressed by the court sua sponte. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999).

Absent state waiver, a state and its agencies are protected from suit for all types of relief. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (*citing Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999)). Even actions for injunctive relief are barred against a state or its agencies. *See General Motors Corp. v. California State Bd. of Equalization*, 815 F.2d 1305, 1309 (9th Cir. 1987) (*citing Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Nevada has not waived its Eleventh Amendment immunity. *See* Nev. Rev. Stat. § 41.031(3).

42 U.S.C. § 1983 establishes a cause of action against every "person" who, under the color of law, deprives another of their constitutional rights. The Supreme Court held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). As this Court has recognized, "there is no question that the State of Nevada and the Nevada Department of Corrections are either the state

///

or instrumentalities of such." See *Reilly v. Nevada*, No. 2:04-cv-00784, 2007 WL 983848, at *4 (D. Nev. Mar. 30, 2007) (*citing Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

For the reasons stated above, Plaintiff's § 1983 claims cannot be maintained against the NDOC and are dismissed.[2]

## 2.   First Amendment Retaliation

The current Ninth Circuit test for evaluating a First Amendment retaliation claim of a government official considers five factors: "(1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Plaintiff has failed to allege that any of the individual defendants took "adverse employment action" against her. While the Complaint sets out Plaintiff's administrative leaves, termination and suspension, it does not explain who the individual defendants are, what their positions in the NDOC are, and how they are liable for the alleged adverse employment actions. The only apparent exception is the Complaint's allegation that, upon Plaintiff's return to work, "Defendant Walsh would not talk to Plaintiff or respond to her emails." (*See* dkt. no. 1-1, Ex. A at 4.) Without any facts as to Walsh's position or relationship to Plaintiff, the Court cannot conclude that Walsh's apparent reticence to interact with Plaintiff is anything more than a "minor act[], such as 'bad-mouthing' that cannot reasonably be expected to deter protected speech . . . ." *See Coszalter*, 320 F.3d at 976; *see also Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998).

---

[2] As the issue has not been fully briefed, the Court will not make a determination as to the immunity of the individual defendants or the NDOC's immunity to Plaintiff's state law and common law claims at this time.

5

Because of the absence of facts relating to the individual defendants in this action, the Court cannot "draw a reasonable inference" that the individual defendants are liable for the misconduct alleged in the Complaint. See *Iqbal*, 556 U.S. at 678. Plaintiff has thus failed to allege a First Amendment claim against the individual defendants.

### 3.   Fourteenth Amendment Due Process

To sustain a due process claim under 42 U.S.C. § 1983, Plaintiff must show "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1988). "[P]roperty rights are defined by reference to state law." *Id.*

Plaintiff suggests in her opposition that the due process claim relates not to her termination but to her suspension of pay. (*See* dkt. no. 29 at 14.) The Complaint alleges that her pay was suspended without a "notice of suspension" or "a meaningful opportunity to be heard regarding that suspension of pay." (Dkt. no. 1-1, Ex. A at 3.) While there is a question as to whether suspension of pay can be a deprivation of property protected by the due process clause, the Court need not address that issue in this Order. As with Plaintiff's First Amendment claim, her Due Process claim is not sufficiently pled to allow the Court to "draw a reasonable inference" that the individual defendants can be held liable for suspending Plaintiff's pay without notice. There are no facts in the Complaint from which the Court can infer that the individual defendants were involved in that decision in any way.

Plaintiff has failed to allege a Fourteenth Amendment due process claim against the individual defendants.

### B.   Plaintiff's Claims Under Nevada State Law

The Complaint also asserts Plaintiff's First Amendment and Fourteenth Amendment claims "by implication under Nevada State law." (Dkt. no. 1-1, Ex. A at 5.) To the extent that Plaintiff is attempting to assert state constitution claims under 42 U.S.C. § 1983, they fail as a matter of law. See *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by [§ 1983]"

and "[v]iolations of state law are insufficient.") To the extent that Plaintiff is attempting to assert a theory of liability pursuant to a Nevada state law or statute, such law or statute is not identified in the Complaint. Plaintiff's claims "under Nevada state law" thus fail to state a plausible claim for relief.

### C. Tortious Discharge Claim

As the Nevada Supreme Court has explained, "[a]n employer commits a tortious discharge by terminating an employee for reasons [that] violate public policy." *D'Angelo v. Gardner*, 107 Nev. 704, 712 (Nev. 1991). The Nevada Supreme Court does not recognize tortious discharge actions by at-will employees except in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Wayment v. Holmes*, 112 Nev. 232, 236 (1996) (citations omitted). Not all terminations contrary to public policy necessarily implicate a "strong and compelling public policy." *See, e.g., Sands Regent v. Yalgardson*, 777 P.2d 898, 899 (Nev.1989) (finding that Nevada has a public policy against age discrimination but that it is not sufficiently "strong or compelling"). Terminating an at-will employee for insubordination is not contrary to public policy. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996). Finally, recovery for tortious discharge is not permitted under Nevada law where there are mixed motives for the termination. *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev.1998). The protected activity must have been the sole proximate cause of the termination. *Id.*

The Complaint alleges that Plaintiff's grievance about "ongoing sexism and nepotism" in the NDOC, as well as Plaintiff's testimony in the Lieutenant's termination hearing involved "matters of public concern." (Dkt. no. 1-1, Ex. A at 1–2.) General statements that sexism, nepotism and security are "matters of public concern" are not sufficient to allege a tortious discharge claim. The Complaint does not identify or describe the "strong or compelling" state public policy at issue or provide any facts to support its assertion that Plaintiff was terminated solely because of her grievance and testimony. In fact, the Complaint states that the Specificity of Charges alleged that "she


had ordered inmates into the general population without following proper procedure." (Dkt. no. 1-1, Ex. A at 3.) The Complaint does not allege that this was an unfounded motive or mere pretext for her termination. Such vague allegations amount to recitation of the elements supported by conclusory statements and are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Complaint fails to state a claim for tortious discharge.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.[3]

It is hereby ordered that Defendants' First Motion for Judgment on the Pleadings (dkt. no. 18) is granted. Plaintiff's claims are dismissed without prejudice.

ENTERED THIS 25th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] Defendants argue that Plaintiff's claims are barred by res judicata because Plaintiff had an opportunity to fully litigate them in her administrative proceeding. (Dkt. no. 18 at 6-9.) As the Complaint is obviously deficient in this case, the Court need not address that argument in this Order.