UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIELLE IRATCABAL, Plaintiff v. STATE OF NEVADA, et al., Defendants. | Case No. 3:12-cv-00481-MMD-WGC<br>ORDER<br>(Plf's Motion District Judge to Reconsider Order – dkt. no. 36) |

On September 25, 2013, the Court granted Defendants' motion for judgment on the pleadings and dismissed all of Plaintiff's claims without prejudice. (*See* dkt. no. 35.) Plaintiff now "moves the Court for an [o]rder reconsidering . . . Order [d]ismissing the action without prejudice." (Dkt. no. 36 at 1.) Plaintiff's Motion argues that the Court's Order should have granted leave to amend. A proposed Amended Complaint is attached to the Motion. Defendants filed an opposition (dkt. no. 39) and the Court approved an extension of time for Plaintiff to reply (dkt. no. 41), but Plaintiff did not file a reply.

Plaintiff states that "[r]econsideration is appropriate where there is clear error in the Court's decision." (*Id. citing Sch. Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).) Although Plaintiff fails to cite to any procedural rules, the Court reads the Motion as requesting reconsideration pursuant Fed. R. Civ. P. 59(e), which allows reconsideration where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).

Plaintiff's sole contention is that the Court should have granted leave to amend. Plaintiff cites to *Gomper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002), which states that "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." 298 F.3d at 898 (citations and internal quotations omitted). In that case, however, the district court explicitly denied leave to amend in its order. *See In re VISX, Inc. Sec. Litig.*, C 00-0649, 2001 WL 210481 (N.D. Cal. Feb. 27, 2001). Here, Plaintiff did not ask for leave to amend and the Court did not address leave to amend, but dismissed Plaintiff's claims without prejudice. Plaintiff may still move for leave to amend under Fed. R. Civ. P. 15, if she so chooses. The Court therefore finds that it did not commit clear error in its Order and reconsideration is denied.

The Court will not decide whether to grant leave to amend at this time. Under the District of Nevada's Electronic Filing Procedures, section III(F)(4), a separate document must be filed for each purpose. The instant motion was electronically filed as a Motion for District Judge to Reconsider Order. Plaintiff must separately file a motion for leave to amend under Rule 15, and comply with LR 15-1.

///

///

It is hereby ordered that Plaintiff's Motion District Judge to Reconsider Order (dkt. no. 36) is denied.

ENTERED THIS 13th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE